UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN, | No. 1:26-cv-03223-SAB (PC) |
| Plaintiff, | ORDER VACATING ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS STATUS |
| v. | |
| CDCR DEPARTMENT OF ADULT PAROLE OPERATIONS, et al., | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |
| | (ECF Nos. 2, 4) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

On April 27, 2026, Plaintiff a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1) and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 ("Section 1915") (ECF No. 2). On April 30, 2026, the Court granted Plaintiff's application to proceed in forma pauperis.  (ECF No. 4.) As Plaintiff has at least three "strikes" under Section 1915(g), the order granting leave to proceed in forma pauperis (ECF No. 4) will be vacated.

1

## I.

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court takes judicial notice[1] of the following three prior lawsuits filed by Plaintiff in this district: (1) Ausborn v. CHCF California, et al., No. 2:19-cv-00960-KJM-AC (E.D. Cal.) (Docs. 46, 50, 51) (dismissed for failure to state a claim on January 9, 2020);[2] (2) Ausborn v. CHCF, et al., No. 2:19-cv-02220-JAM-CKD (E.D. Cal.) (Docs. 24, 26, 27) (dismissed for failure to file an amended complaint on June 30, 2020);[3] (3) Ausborn v. CHCF, et al., No. 2:20-cv-00593-KJM-JDP (E.D. Cal.) (Docs. 18-20) (dismissed for failure to file an amended complaint on November 16, 2020);[4] Ausborn v. Newsom, et al., No. 1:25-cv-01290-JLT-HBK (E.D. Cal.)

---

[1] The Court may take judicial notice of court records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] See Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissal for failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g)); Lomax v. Ortiz-Marquez, 140 S.Ct. 1721-1725 (2020) (dismissal for failure to state a claim is a strike even when the dismissal is without prejudice).

[3] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[4] See Harris, 863 F.3d at 1143.

2

(Docs. 7, 9-11) (dismissed case as a sanction for abuse of judicial process on January 5, 2026);[5]

Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on April 27, 2026 (Doc. 1), Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding in forma pauperis in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. See Cervantes, 493 F.3d at 1052-53.

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception.  Plaintiff's illegible and vague allegations are insufficient to show that he is in imminent danger of serious physical injury to defeat the three-strikes bar under Section 1915. See Cervantes, 493 F.3d at 1053; see also Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). The complaint lacks any allegation that Plaintiff has suffered or reasonably fears suffering any imminent harm. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  Plaintiff has clearly not presented a genuine imminent danger or a threat that is real and proximate.

## II.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Court's April 30, 2026 order granting Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is vacated; and

2.    The Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

---

[5] See Bayramoglu v. Cate, No. C 13–1094 YGR (PR), 2014 WL 3704798, at *5 (N.D. Cal. July 23, 2014) (holding that dismissal of a PLRA action for a plaintiff's conduct constituting abuse of the judicial process, such as judge-shopping, qualifies as a strike); accord Law v. Austin, No. 2:17-cv-2060 JAM AC P, 2020 WL 373575, at *3-4 (E.D. Cal. Jan. 23, 2020), adopted by 2020 WL 5039064 (E.D. Cal. Aug. 26, 2020) ("the district court's assessment that plaintiff intended to vex defendants by commencing this case supports a finding of malice under § 1915(g). Therefore, the dismissal of this case on the grounds it failed to state a claim and appeared to be maliciously filed meets the requirements for a third 'strike.'").

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2.    Plaintiff be directed to pay $405.00 filing fee in order to further proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge